Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS in part and MODIFIES in part the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing before the deputy commissioner as follows:
STIPULATIONS
1. At the time of plaintiff's alleged workers' compensation claim the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. Plaintiff's average weekly wage was $100.00.
4. Plaintiff allegedly contracted an occupational disease in June of 1993.
* * * * * * * * * * * * *
The Full Commission adopts in part and modifies in part the Findings of Fact of the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff began his employment with defendant-employer on August 1, 1991 as a grounds keeper at a Rowan County Senior Center.
2. On May 1, 1992 plaintiff changed jobs with defendant-employer and began working as a recycling assistant for 20 hours per week.
3. In his capacity as a recycling assistant, plaintiff assisted in the bailing of recyclable paper. This job involved standing at a table sorting paper and pushing paper down a table into a machine. Plaintiff also tied off wires that were wrapped around six to ten bales of paper per day.
4. Plaintiff's job with defendant-employer in the recycling center did not cause him to bend and flex his hand on a repetitive and continuous basis, as he worked primarily with his arms and shoulders.
5. The medical records from the VA Hospitals for plaintiff show that plaintiff has a long history of complaints and problems related to his right extremity, including complaints of problems to his right shoulder, arm, hand, and neck. These problems predate June, 1993, the date plaintiff testified that he contracted an occupational disease. Plaintiff sought medical treatment for right shoulder and arm pain as early as February, 1992. This was before he began work as a recycling assistant.
6. Plaintiff sought medical treatment numerous times prior to June, 1993 for shoulder, arm, hand and neck problems.
7. Based upon the medical records and other evidence presented, plaintiff has failed to prove by the greater weight of the evidence that he contracted an occupational disease due to causes and conditions characteristic of and peculiar to his employment, or that his employment exposed him to a greater risk than the general public of contracting carpal tunnel syndrome, or tendonitis, or reflex sympathetic dystrophy, or any other occupationally-related disease.
8. Plaintiff eventually underwent a right carpal tunnel release on August 13, 1993.
* * * * * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
CONCLUSION OF LAW
Plaintiff did not contract an occupational disease due to causes or conditions characteristic of and peculiar to his employment with defendant-employer. Plaintiff's employment did not expose him to a greater risk than the general public of contracting an occupational disease. N.C. Gen. Stat. § 97-53 (13).
* * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff's claim for workers, compensation benefits must be and is hereby DENIED.
2. Each side shall pay its own costs.
 S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ____________________ COY M. VANCE COMMISSIONER
S/ ____________________ THOMAS J. BOLCH COMMISSIONER
BSB:md